UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BLANCA CRUZ,

                                Plaintiff,                      COMPLAINT

                    - against -
THE CITY OF NEW YORK & NEW YORK CITY        PLAINTIFF DEMANDS
POLICE DEPARTMENT                                      TRIAL BY JURY

                                Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff BLANCA CRUZ through undersigned counsel, sues Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT and alleges the following upon information and belief:

## NATURE OF THE ACTION

1. Blanca Cruz ("Ms. Cruz" or "Plaintiff") is deaf and communicates through American Sign Language. This action is on behalf of Ms. Cruz for declaratory and injunctive relief and monetary damages to redress the injuries Ms. Cruz has suffered as a result of being discriminated against by Defendant(s) on the basis of disability, record of disability and/or perceived disability under the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, New York State Human Rights Law and the New York City Human Rights Law, to remedy injuries Plaintiff has suffered as a result of being discriminated against, and deprived of public services and public accommodations due to her disability. Ms. Cruz had an encounter with police which ultimately left her with spending the night in jail and facing charges which she was unaware of. Without effective communication Plaintiff had little ability to understand her interactions with police

officials. The Complaint states causes of action under federal, state, and city law for deprivations of civil rights and states common law causes of action for tort.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under federal law, including the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*. and Section 504 of the Rehabilitation Act pursuant to 29 U.S.C. §794 *et seq*. Plaintiff also brings this action pursuant to 42 U.S.C. § 1983 for violations of Title II of the ADA to redress the deprivation of rights, privileges, and immunities of which Plaintiff has been deprived.

3. Plaintiff invokes the pendant jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966) and 28 U.S.C. § 1367(a) for state law claims of the New York State Human Rights Law and New York City Human Rights Law.

4. The Plaintiff, BLANCA CRUZ brings this action under 42 U.S.C. Sections 1983 and related state and federal laws seeking compensatory damages, injunctive relief, and attorney's fees for the Defendant City of New York's violation of their rights afforded by the United States and New York Constitution and under the laws of The State of New York and the City of New York

5. The venue of this action is properly placed in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the events having operative significance in this case which give rise to the claims herein occurred within this District.

6. This Court has *in personam* jurisdiction over Defendants because they are located in, conduct operations within, transact business in and provide services within the City of New York.

## PARTIES

7. Plaintiff Blanca Cruz is a resident of the State of New York whose address is 354 West 48th Street, Apt. 1B, New York, NY 10036.

8. At all times material herein, defendant THE CITY OF NEW YORK ("CITY OF NEW YORK"), was and still is a duly incorporated municipality of the State of New York, County of New York, whose seat of governance was and still is located at 250 Broadway, New York, New York 10007.

9. At all times material herein, defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), is located at 1 Police Plaza, New York, New York 10038.

## MATERIAL FACTS

10. At all times material herein, Plaintiff was deaf and her primary language was and remains American Sign Language.

11. Upon information and belief, on November 19, 2023 Blanca Cruz was in her apartment which she shares with her brother and sister. An argument took place between the siblings and police arrived at the door. Ms. Cruz immediately attempted to indicate she was deaf and signed she needed an interpreter. However, police cuffed her behind her back and she was no longer able to use her hands. Plaintiff was put into a police car and brought down to the station where she was stripped of her phone, jewelry and coat and handcuffed to a chair. Plaintiff continued to gesture to the officers that she was deaf and at least needed her phone to try to text. The officers said no and Ms. Cruz was left without any way to communicate.

12. After being cuffed to the chair for two hours with no means to communicate or understand why she was arrested, Ms. Cruz was taken to jail where she remained overnight. Ms. Cruz was placed in a cell with two other individuals. Plaintiff was unable to sleep as she was nervous, scared

and unable to comprehend why she was arrested. The next day, plaintiff was taken to court where there was finally an interpreter there to explain to her why was arrested and the next steps she would need to take. Plaintiff was released that day.

13. During this encounter with Defendant, Plaintiff was unable to understand the situation due to her deafness. Plaintiff was not able to explain to police what was happening at the scene, nor when she was brought to the station. Without the aid of a qualified interpreter, Plaintiff was unable to effectively communicate with the police officers during each of her interactions with them and experienced extreme emotional distress, the loss of her expectation that she would be able to communicate, understand and participate in her interactions with the police and dignitary harm.

## COUNT 1
## DISCRIMINATION UNDER THE
## AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT

14. Plaintiff repeats and re-alleges paragraph 1-13 fully as if said paragraphs were fully set forth herein at length.

15. Defendants CITY OF NEW YORK and their agents, servants, officers, and/or employees acted under color of statute, ordinance, regulation, custom or usage of a State.

16. Defendants NEW YORK CITY POLICE DEPARTMENT and their agents, servants, officers and/or employees acted under color of statute, ordinance, regulation, custom, or usage of a State.

17. Title II of the ADA "applies to all services, programs, and activities provided by or made available by public entities." *See* 28 C.F.R. §35.130(b)(7).

18. Section 12132 of the ADA specifically states:

4

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

19. Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) specifically states:

> No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

20. The anti-discrimination provisions of Title II of the ADA and Section 504 of the Rehabilitation Act are enforceable through implied private rights of action.

21. Plaintiff is a "qualified individual" inasmuch as she is an individual who has a disability, deafness, and "who with or without reasonable modifications to rules, policies or practices, the removal of…communication…barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42. U.S.C. Section 12131(2).

22. Defendants CITY OF NEW YORK and NYPD, are covered entities inasmuch as each is a public entity.

23. Defendants who interacted with Plaintiff from CITY OF NEW YORK and NYPD, regarded Ms. Cruz as being disabled and were aware of her deafness as evidenced by records of NYPD. Defendants had no emergency protocol in place as required by law to ensure effective communication with deaf individuals.

24. Plaintiff was entitled to the same law enforcement services services that Defendants CITY OF NEW YORK and NYPD provide to other non-disabled persons.

25. Plaintiff was entitled to the benefit of lawful exercises of police, including but not limited to the right not to be unlawfully discriminated against and detained.

26. No interpreter or auxiliary communication device was provided to Plaintiff by Defendants CITY OF NEW YORK despite these defendants' obligations under federal, state, and local law, as well as Defendant' police department's settlement agreement with the United States of America to resolve claims of deaf discrimination by the New York City Police Department. Such settlement agreement is attached hereto as <u>Exhibit "A"</u>.

27. The CITY OF NEW YORK is further liable for the violations of the ADA and Rehabilitation Act by its employees as the CITY OF NEW YORK has official policies or customs that caused plaintiffs to be subjected to a violation of their rights under the ADA and Rehabilitation Act as follows:

(a) The CITY OF NEW YORK has expressly adopted a policy or custom that the ADA is inapplicable to on-the-street or emergency interactions with the deaf or hearing impaired until an arrest has been made. Such policy directly caused Plaintiff injuries herein as the accommodations the ADA requires of qualified interpreters or auxiliary communicated devices were denied to Plaintiff during the above events and deprived her of her rights under the ADA, to wit: the policy of the ADA being inapplicable to on-the-street interactions with the deaf caused the police officers who responded to Plaintiffs home to forcibly restrain, arrest, detain, and transport Plaintiff, as well as question Plaintiff without requesting or utilizing the services of a qualified interpreter or auxiliary communication device to communicate with Plaintiff to determine whether or not there existed probable cause to arrest them. This resulted in Plaintiff Blanca Cruz held against their will. With the advent of technology, there are applications now available in which police officers could have obtained a qualified interpreter though remote video means even during emergency

, on the street, or last minute interactions to ensure effective communication with deaf individuals. Yet the NYPD has failed to avail themselves of these means and continue to deprive deaf individuals of effective communication.

(b) The CITY OF NEW YORK failed to train its police officers on how to interact with the deaf and hearing impaired in a manner to respect their rights under the ADA and the Rehabilitation Act. The failure to train occurred in a manner evincing a deliberate indifference to the rights of the deaf and hearing impaired. Specifically after the settlement agreement between the New York City Police Department and the United States of America in 2009, ( Exhibit "A"), this defendant was on notice that its procedures and officer training were not satisfying its legal obligations under the ADA to the deaf and hearing impaired, and as such, they were on notice that deaf persons were having their civil rights violated. Notwithstanding such notice and the 2009 agreement, the City has not made changes to the training program of police officers following the agreement. This lack of training despite notice of deficiencies in interacting with the deaf and hearing impaired led to the officers who interacted with Plaintiff treating her in the manner described above. The lack of training in how to interact with the hearing impaired resulted in the police officers who responded to Plaintiff's home failing to request an interpreter and/or use an auxiliary communication device, such police officers verbally speaking at Plaintiff and issuing verbal orders to Plaintiff despite the fact that she could not hear them.

28. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered adverse consequences. Plaintiffs suffered physical injury, severe extreme humiliation, emotional pain, and trauma, to their detriment.

## COUNT II
## DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

29. Plaintiff repeat and realleges Paragraphs 1-28 as if said paragraphs were fully set forth herein at length.

30. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of her disability in violation of New York State Executive Law §296 et seq.

31. All Defendants' acts, practices, and policies described herein constitute discrimination against Plaintiff on the basis of her record of disability, in violation of New York State Executive Law §296 et seq.

32. All Defendants' acts, practices and policies described herein constitute discrimination against Plaintiff on the basis of her perceived record of disability, in violation of New York State Executive Law §296 et seq.

## COUNT III
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

33. Plaintiff repeats and realleges Paragraphs 1-32 as if said paragraphs were fully set forth herein at length.

34. All Defendants' acts, practices, and policies herein constitute discrimination against Plaintiff on the basis of her disability, in violation of the New York City Administrative Code §8-107 et seq.

35. All Defendants' acts, practices, and policies herein constitute discrimination against Plaintiff on the basis of her record of disability, in violation of the New York City Administrative Code §8-107 et seq.

36. All Defendants' acts, practices, and policies herein constitute discrimination against Plaintiff on the basis of her perceived record of disability, in violation of the New York City Administrative Code §8-107 et seq.

## COUNT IV
## INJUNCTION

37. Plaintiffs repeat and reallege Paragraphs 1-40 as if said paragraphs were fully set forth herein at length.

38. Money damages are insufficient to fully address the claims set forth herein, and irreparable injury will result unless Plaintiff is granted a permanent injunction requiring New York City Police Department's officers to provide effective communication through the use of interpreter services whether through live interpreters or auxiliary communication devices for all interactions whether on the street, at a person's home or at the police station or jail.

39. The police officers who injured Plaintiff as described above are officers who are assigned to the precinct that serves Plaintiff's permanent residence and as such Plaintiff is likely to have contact in the future with this police precinct.

40. The police department provides a wide variety of public services that members of the public, including Plaintiff, has a right to benefit from.

41. Plaintiff is likely to utilize one or more of such services which include law enforcement, emergency services, answering questions, and peaceful community assistance services in the future.

42. Plaintiff is likely to be engaged in the same behavior that resulted in the actions of the Defendant described above: lawfully being present in their permanent residences and not being engaged in illegal behavior, and interaction with police officers from the City of New York.

43. Plaintiff is and will in the foreseeable future remain a person of limited English proficiency who communicate effectively solely through American Sign Language.

WHEREFORE, Plaintiff demands judgment as follows:

i. On the First Cause of Action a judgment against Defendants and an award of compensatory damages for emotional distress, loss of her expectation interests, dignitary harm and or nominal damages in addition to attorneys' fees and costs, pre-judgment, post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

ii. On the Second Cause of Action a judgment against Defendants and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

iii. On the Third Cause of Action a judgment against Defendants and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre-judgment and post-judgment interest, in an amount to be determined at trial, and further relief as this Honorable Court deems just, equitable and proper;

iv. On the Fourth Cause of Action a judgment against Defendants and a permanent injunction requiring the New York City Police Department to have proper training,

policies, and procedures in place and to provide reasonable accommodations such as American Sign Language Interpreters or Auxiliary Communication Devices to all deaf or hearing-impaired persons in on-the-street interaction with law enforcement as to the City of New York or NYPD and further relief as this Honorable Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: December 12, 2024
New York, New York

Respectfully submitted,

CLARA R. SMIT, ESQ.                                    BRUCE GILTIN, ESQ.

By: /s/ Clara R. Smit                                  By: /s/ Bruce Gitlin
Clara R. Smit, Esq.                                    Bruce Gitlin
100 Horizon Center Blvd
Hamilton, NJ                                           Suite 411
08691                                                  2095 Broadway
(732) 843-6600                                         New York, NY 10023

                                                       (212) 514-5437